**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE SIERRA CLUB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:19-cv-01284-WSS |
| | ) |
| NRG POWER MIDWEST LP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF GENON POWER MIDWEST LP**
**TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant GenOn Power Midwest LP ("GenOn")[1], by and through its counsel, submits its Answer and Affirmative Defenses to the Complaint for Declaratory and Injunctive Relief by Plaintiff Sierra Club, stating as follows:

1.     GenOn admits only that this is a civil suit brought under the Federal Water Pollution Control Act, otherwise known as the Clean Water Act, 33 U.S.C. §§ 1251-1388 ("CWA"), and the Pennsylvania Clean Streams Law, 35 Pa. Cons. Sat. §§ 691.1-691.1001 ("CSL").  GenOn denies that it has violated the CWA and CSL, and denies Paragraph 1 in all other respects.

2.     Paragraph 2 of the Complaint is a general averment of law and/or conclusion of law and no response is required.  To the extent a response is deemed to be required, the averments in Paragraph 2 are denied.

---

[1] The Complaint improperly named NRG Power Midwest, LP as the defendant.  On March 8, 2019, NRG Power Midwest LP lawfully changed its name to GenOn Power Midwest LP.  The appropriate documentation has been submitted to the Pennsylvania Department of Environmental Protection for purposes of changing the name on the National Pollutant Discharge Elimination System Permit for the Cheswick Generating Station.

3.      GenOn denies that it has violated conditions and limitations in its Pennsylvania National Pollution Discharge Elimination System ("NPDES") Permit No. PA0001627 ("Permit") at the Cheswick Generating Station ("Cheswick") in Springdale, Pennsylvania.  GenOn admits that the Complaint seeks a declaratory judgment, junctive relief, civil penalties, and the award of costs, including attorneys' and expert witness' fees, but denies that any such relief is warranted.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint is a general averment of law and/or conclusion of law and no response is required.  To the extent a response is deemed to be required, GenOn admits that the Court has subject matter jurisdiction.

5.      Paragraph 5 of the Complaint is a general averment of law and/or conclusion of law and no response is required.  To the extent a response is deemed to be required, the averments in Paragraph 5 are denied.

6.      GenOn admits only that Appalachian Mountain Advocates sent a letter, on behalf of Sierra Club, that was dated July 16, 2019 and addressed to Mr. Kevin Panzino of NRG Power Midwest LP.  GenOn lacks knowledge or information sufficient to form a belief as to the truth of the averment that the Administrator of the U.S. Environmental Protection Agency ("EPA"), the Regional Administrator for Region III of EPA, and the Secretary of the Pennsylvania Department of Environmental Protection ("PADEP") were sent a copy of the letter.  GenOn denies the allegations in Paragraph 6 in all other respects.

7.      GenOn lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and on that basis denies the allegations in Paragraph 7.

8.      Paragraph 8 of the Complaint is a general averment of law and/or conclusion of law and no response is required.  To the extent a response is deemed to be required, GenOn

denies that it has committed any of the violations alleged in the Complaint but admits that venue is appropriate in this Court.

## PARTIES

9.      GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies all the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 are legal conclusions to which no response is required.  To the extent a response is deemed to be required, the allegations of this Paragraph are denied, because GenOn lacks knowledge or information sufficient to form a belief regarding the truth of those allegations.

11.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 11 of the Complaint and on that basis denies all the allegations in Paragraph 11.

12.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 12 of the Complaint and on that basis denies all the allegations in Paragraph 12.

13.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 13 of the Complaint and on that basis denies all the allegations in Paragraph 13.

14.     Denied.

15.     Denied.

16.     GenOn denies that the thermal discharge from Cheswick has caused any harm to the recreational interests of Plaintiff's members.  As for the remainder of the allegations in

3

Paragraph 16 of the Complaint, GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 16 and on that basis denies all the allegations in Paragraph 16.

17.     Denied.

18.     Denied as to NRG Power Midwest LP.  On March 8, 2019, NRG Power Midwest LP lawfully changed its name to GenOn Power Midwest LP.  GenOn admits that it is a limited partnership formed under Delaware law.

19.     The allegations in Paragraph 19 are legal conclusions to which no response is required.  To the extent a response is deemed to be required, the averments in Paragraph 19 are denied.

## FACTS

20.     GenOn admits that it owns and operates Cheswick.

21.     Admitted in part and denied in part.  GenOn admits that Cheswick is a single unit coal-fired power plant that has a once-through cooling water system that uses water from the Allegheny River withdrawn through an intake, that it discharges non-contact cooling water to the Allegheny through what is designated as Outfall 003 in the Permit, and that Outfall 003 is approximately one-quarter mile downstream of the intake.  Denied in all other respects.

22.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 22 of the Complaint and on that basis denies all the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 are legal conclusions to which no response is required.  To the extent a response is deemed to be required, the allegations in this Paragraph are denied.

24.     The allegations in Paragraph 24 are legal conclusions to which no response is required.  To the extent a response is deemed to be required, the allegations in this Paragraph are denied.

25.     Admitted in part and denied in part.  GenOn admits that the Permit is effective from August 1, 2018 through July 31, 2023.  GenOn denies the remainder of this allegation.

26.     GenOn admits that Cheswick discharges from designated outfalls to Little Deer Creek and the Allegheny River, as permitted by the terms and conditions of the Permit.  Except as admitted, GenOn denies the allegations in Paragraph 26.

27.     GenOn admits that Cheswick discharges non-contact cooling water from Outfall 003, as permitted by the terms and conditions of the Permit.  Except as admitted, GenOn denies the allegations in Paragraph 27.

28.     GenOn admits only that the Permit provides that "this discharge at Outfall 003 shall not cause a change in the stream temperature of more than 2°F in any one hour."  Except as admitted, GenOn denies the allegations in Paragraph 28.

29.     Paragraph 29 of the Complaint is a general averment of law and/or conclusion of law and no response is required.  To the extent a response is deemed to be required, the averments in Paragraph 29 are denied.

30.     GenOn admits that its consultants performed a thermal plume survey of the Allegheny River near Cheswick on six days between June and October 2011 in accordance with a PADEP-approved Thermal Discharge Study Plan submitted by GenOn to support an extension of the CWA section 316(a) thermal variance first approved for Cheswick in November 1982. Except as admitted, GenOn denies the allegations in Paragraph 30.

31.     GenOn admits that as part of the 2011 thermal plume survey its consultants collected instantaneous temperature readings at four different depths along ten (10) transects within the Allegheny River, three of the transects were upstream and seven of the transects were downstream of Outfall 003 at Cheswick, and at two different depths along a longitudinal transect around both Twelve and Fourteen Mile islands in the pool below the Bill Young Lock and Dam downstream of Outfall 003 at Cheswick.  However, no hourly temperature measurements were collected after complete mixing as part of the 2011 thermal plume survey.  Except as admitted, GenOn denies the allegations in Paragraph 31.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Admitted in part and denied in part.  GenOn admits that Stephen Frank, an environmental manager, was deposed in April 2019 by counsel for Sierra Club in another matter. Mr. Frank's deposition testimony speaks for itself, and GenOn denies the allegations in Paragraph 36 to the extent that they attempt to improperly summarize or mischaracterize his testimony.  GenOn denies the remainder of the allegations in this Paragraph.

37.     Denied.  Mr. Frank's deposition testimony speaks for itself, and GenOn denies the allegations in Paragraph 37 to the extent that they attempt to improperly summarize or mischaracterize his testimony.

38.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 38 of the Complaint and on that basis denies all the allegations in Paragraph 38.

39.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 39 of the Complaint and on that basis denies all the allegations in Paragraph 39.

40.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 40 of the Complaint and on that basis denies all the allegations in Paragraph 40.

41.     Denied.

42.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 42 of the Complaint and on that basis denies all the allegations in Paragraph 42.

43.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 43 of the Complaint and on that basis denies all the allegations in Paragraph 43.

44.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 44 of the Complaint and on that basis denies all the allegations in Paragraph 44.

45.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 45of the Complaint and on that basis denies all the allegations in Paragraph 45.

46.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 46 of the Complaint and on that basis denies all the allegations in Paragraph 46.

47.    GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 47 of the Complaint and on that basis denies all the allegations in Paragraph 47.

48.    GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 48 of the Complaint and on that basis denies all the allegations in Paragraph 48.

49.    GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 49 of the Complaint and on that basis denies all the allegations in Paragraph 49.

50.    GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 50 of the Complaint and on that basis denies all the allegations in Paragraph 50.

51.    GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 51 of the Complaint and on that basis denies all the allegations in Paragraph 51.

52.    GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 52 of the Complaint and on that basis denies all the allegations in Paragraph 52.

53.    GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 53 of the Complaint and on that basis denies all the allegations in Paragraph 53.

54.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 54 of the Complaint and on that basis denies all the allegations in Paragraph 54.

55.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 55 of the Complaint and on that basis denies all the allegations in Paragraph 55.

56.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 56 of the Complaint and on that basis denies all the allegations in Paragraph 56.

57.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 57 of the Complaint and on that basis denies all the allegations in Paragraph 57.

58.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 58 of the Complaint and on that basis denies all the allegations in Paragraph 58.

59.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 59 of the Complaint and on that basis denies all the allegations in Paragraph 59.

60.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 60 of the Complaint and on that basis denies all the allegations in Paragraph 60.

61.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 61 of the Complaint and on that basis denies all the allegations in Paragraph 61.

62.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 62 of the Complaint and on that basis denies all the allegations in Paragraph 62.

63.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 63 of the Complaint and on that basis denies all the allegations in Paragraph 63.

64.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 64 of the Complaint and on that basis denies all the allegations in Paragraph 64.

65.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 65 of the Complaint and on that basis denies all the allegations in Paragraph 65.

66.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 66 of the Complaint and on that basis denies all the allegations in Paragraph 66.

67.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 67 of the Complaint and on that basis denies all the allegations in Paragraph 67.

68.     GenOn lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 68 of the Complaint and on that basis denies all the allegations in Paragraph 68.

69.     Denied.

**FIRST CLAIM FOR RELIEF**
**ALLEGED CWA VIOLATIONS**

70.     GenOn incorporates by reference its responses to Paragraphs 1 through 69 above as though set forth in full.

71.     The allegations of Paragraph 71 are general averments of law and/or legal conclusions to which no response is required.  To the extent a response is required, GenOn asserts that Section 301(a) of the CWA speaks for itself and denies the allegations in this Paragraph.

72.     The allegations of Paragraph 72 are general averments of law and/or legal conclusions to which no response is required.  To the extent a response is required, GenOn asserts that Section 505(a) of the CWA speaks for itself and denies the allegations in this Paragraph.

73.     The allegations of Paragraph 73 are general averments of law and/or legal conclusions to which no response is required.  To the extent a response is required, GenOn asserts that Section 505(f) of the CWA speaks for itself and denies the allegations in this Paragraph.

74.     Denied as stated.  GenOn admits only that it is authorized under the Permit to discharge non-contact cooling water from Cheswick at Outfall 003 to the Allegheny River.

75.     The allegations of Paragraph 75 are general averments of law and/or legal conclusions to which no response is required.  To the extent a response is required, GenOn asserts that Section 502(5) of the CWA speaks for itself and denies the allegations in this Paragraph .

76.     The allegations of Paragraph 76 are general averments of law and/or legal conclusions to which no response is required.  To the extent a response is required, GenOn asserts that Section 502(7) of the CWA speaks for itself and denies the allegations in this Paragraph.

77.     The allegations of Paragraph 77 are general averments of law and/or legal conclusions to which no response is required.  To the extent a response is required, GenOn asserts that Section 502(6) of the CWA speaks for itself and denies the allegations in this Paragraph.

78.     The allegations of Paragraph 78 are general averments of law and/or legal conclusions to which no response is required.  To the extent a response is required, GenOn asserts that Section 502(14) of the CWA speaks for itself and denies the allegations in this Paragraph.

79.     Denied as stated.  GenOn admits only that the Permit authorizes GenOn to discharge from Cheswick in accordance with the Permit's terms and conditions.

80.     Admitted.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

## SECOND CLAIM FOR RELIEF
## ALLEGED CSL VIOLATIONS

90.     GenOn incorporates by reference its responses to Paragraphs 1 through 89 above as though set forth in full.

91.     The allegations of Paragraph 91 are general averments of law and/or legal conclusions to which no response is required.  To the extent a response is required, GenOn asserts that Section 601 of the CSL speaks for itself and denies the allegations in this Paragraph.

92.     The allegations of Paragraph 92 are general averments of law and/or legal conclusions to which no response is required.  To the extent a response is required, GenOn asserts that Section 611 of the CSL speaks for itself and denies the allegations in this Paragraph.

93.     The allegations of Paragraph 93 are general averments of law and/or legal conclusions to which no response is required.  To the extent a response is required, GenOn asserts that Section 1 of the CSL speaks for itself and denies the allegations in this Paragraph.

94.     Denied.

95.     Denied.

96.     Denied.

## RELIEF REQUESTED

GenOn denies that Plaintiff is entitled to any of the relief requested in Paragraphs A. through G. of the "relief requested" section of the Complaint and demands that judgment be entered in favor of GenOn, along with costs and such other and further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff, and each of its members, lacks capacity to sue or the requisite standing to pursue the claims set forth in the Complaint under Article III of the U.S. Constitution.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Proper Notice)

The Complaint is barred, in whole or in part, because Plaintiff's 60-day notice was inadequate and did not comply with 33 U.S.C. § 1365 and 35 Pa. Cons. Stat. § 691.601.

### FOURTH AFFIRMATIVE DEFENSE
### (No Violation of CWA, CSL, and/or Permit)

The Complaint, and each cause of action therein, is barred because the alleged acts and omissions were not in violation of the CWA, CSL, and/or Permit.

### FIFTH AFFIRMATIVE DEFENSE
### (Mootness)

The Complaint, and each cause of action therein, is barred in whole or in part because it is moot.

**SIXTH AFFIRMATIVE DEFENSE**
**(Lack of Harm)**

The Complaint, and each cause of action therein, is barred because neither Plaintiff nor its members have suffered any harm from the acts or omissions alleged.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Ongoing Violations under CWA or CSL)**

The Complaint, and each cause of action therein, is barred because Plaintiff has not alleged ongoing violations under the CWA or CSL.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Lack of Causation)**

The damages that Plaintiff claims to have sustained, if any, and the relief Plaintiff has requested are in whole or in part, the proximate result of acts or omissions of persons or entities other than GenOn or any other person for whose acts or omissions GenOn is responsible.

**NINTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

Some or all of the Plaintiffs' claims may be barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**
**(No entitlement to Attorneys' Fees, Expert Witness' Fees, or Any Other Costs or Expenses)**

Plaintiff is not entitled to attorneys' fees, expert witness' fees, or any other costs or expenses.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Doctrine of Laches, Estoppel, Waiver and Unclean Hands)**

The Complaint, and each cause of action therein, is barred by the doctrines of laches, estoppel, waiver and unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Compliance with Law and Legal Requirements)**

GenOn is not liable as alleged in the Complaint because its discharges of non-contact

cooling water have been and are in compliance with the applicable laws, statutes, regulations,

guidance, and permit in existence at the time of the discharge.


**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Reliance upon Government Regulators)**

GenOn, at all times relevant hereto, acted in reliance upon applicable guidance issued by

the responsible governmental regulatory authorities.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Affirmative Defenses)**

GenOn reserves the right to raise additional affirmative defenses which may be disclosed

during the investigation of this case or through the discovery process.


Dated: November 18, 2019

*/s/ Alana E. Fortna*
Mark D. Shepard, Esq.
Alana E. Fortna, Esq.
Babst, Calland, Clements and Zomnir, P.C.
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
(412) 394-5400

*Counsel for Defendant, GenOn Power Midwest LP*

16

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the foregoing as, this 18th day of November, 2019, I electronically filed the foregoing Answer and Affirmative Defenses of GenOn Power Midwest LP to Complaint for Declaratory and Injunctive Relief with the Clerk of the Court using the CM/ECF system which sent notification of the filing to the following:

Benjamin M. Barczewski
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Ave. N.W.
Washington, D.C. 20001

*/s/  Alana E. Fortna*

17